UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| GEORGE CLEMENTS, | ) | CASE NO. 4:07 CV1596 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Pro se petitioner George Clements filed the above-captioned petition on May 31, 2007 seeking habeas relief pursuant to 28 U.S.C. § 2241. Mr. Clements named as respondents the Attorney General of the United States, Alberto Gonzales, the United States Attorney for the Northern District of Ohio, Gregory A. White, and Warden Robert M. Tapia at the Northeast Ohio Correctional Center in Youngstown, Ohio (N.E.O.C.C.). Mr. Clements, who is being held in N.E.O.C.C., seeks an order immediately releasing him from prison.

*Background*

A two count indictment was issued in the United States District Court for the Northern District of Ohio charging Mr. Clements with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See United States v. Clements, No. 1:06cr0479 (N.D. Ohio filed Oct. 11, 2006) (Gaughan, J.) Petitioner entered a plea of not guilty on December 6, 2006 and is currently in custody awaiting his trial scheduled for June 18, 2007.

In his present petition, Mr. Clements argues that "his incarceration and/or proceedings against him to date are contrary to the Constitution of the United States." (Pet. at 2.) It is his contention that Article I of the Constitution protects and entitles him to certain civil rights as a resident and citizen of Ohio.  It is in this context that he argues that the allegations set forth in the indictment filed against him on October 11, 2006 were beyond the "territorial jurisdiction of the United States." (Pet. at 3.)  He notes, as an example, that in the indictment "[i]t only states on or about September 15, 2006, in the Northern District of Ohio's Eastern Division.' However, that statement is insufficient to assume federal jurisdiction as the alleged offense failed to state the actual site whose jurisdiction has been vested to the federal government by the State of Ohio, pursuant to the provision of the Unties States Constitution, Article 1, § 8, Clause 17." (Pet. at 3.)

*Analysis*

Without the benefit of a single case on point to support his theory of law, Mr. Clements's petition is rife with conclusory statements suggesting that this court lacked subject matter jurisdiction to issue an indictment against him.  It is his position, "[a]s a matter of fact [, that] the general police powers are vested upon the individual States." (Pet. at 3.)  Mr. Clements believes that the United States can only assert jurisdiction when it owns the property on which the acts occurred and the state has ceded "jurisdiction" of that property.  In his case, Mr. Clements argues that the prosecution never established this fact and, citing "United States v. Benson, 495 F.2d @ 481,"[1] he claims that the prosecution was required to prove territorial jurisdiction over

---

[1] United States v. Benson, 495 F.2d 475 (5th Cir. 1974), involved an appeal from the conviction of defendants Benson and Wright for violating 18 U.S.C. Sec. 2111, robbery committed within the special maritime and territorial jurisdiction of the United States.  The statute provides:

2

the crime in order to "sustain a conviction therefore." (Pet. at 4.)

*28 U.S.C. § 2241*

Section 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner.]" Atkins v. Michigan, 644 F.2d 543, 546 n. 1 (6th Cir.1981). Although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, courts have been cautioned to abstain from the exercise of that jurisdiction if the issues raised in the petition could be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. This abstention from exercising habeas corpus jurisdiction has its foundation in the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Id.

Here, Mr. Clements is a federal pretrial detainee seeking to set aside the same charges he will face at his impending trial. While principles of comity are not at issue in this context, concerns for judicial economy also foreclose this court's review of Mr. Clements's habeas petition. For federal pretrial detainees, courts have strongly preferred that the detainees file an appeal under 18 U.S.C. § 3145(b)-(c) as opposed to a section 2241 habeas action. See

---

> Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

18 U.S.C. § 2111 (2007). It is apparent that as an element of this particular offense, with which Mr. Clements was not charged, the prosecution is required to establish that the act occurred within the territorial jurisdiction of the United States.

Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir.1988)(To be eligible for habeas corpus relief under § 2241, federal pretrial detainee generally must exhaust other available remedies); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir .1987); Moore v. United States, 875 F. Supp. 620, 623 (D. Neb.1994). The Fassler court "decline[d] to hold that § 3145 provides the *exclusive* means by which a person under indictment can challenge his pretrial detention," however. Id. (emphasis in original). Instead, it is only one remedy which should be exhausted by a federal pretrial detainee prior to filing a habeas petition under section 2241. As the Fassler court noted, "the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, . . . should ordinarily provide strong incentive for defendants to employ Section 3145 appeals." Fassler, 858 F.2d at 1018; Moore, 875 F. Supp. at 623-24.

A detention order was issued in Mr. Clements's criminal case on December 6, 2006, under which petitioner is currently detained. (1:06CR0479, Dkt. #5). There is no indication, however, that he sought review of the detention order pursuant to section 3145(b). Moreover, if the district court affirmed the detention order; Mr. Clements then could have appealed the judge's decision to the Sixth Circuit Court of Appeals pursuant to section 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure. See United States v. Sazenski, 806 F.2d 846 (8th Cir.1986); United States v. Maull, 773 F.2d 1479 (8th Cir.1985); United States v. Perdomo, 765 F.2d 942 (9th Cir.1985). He failed to do so, and thus he did not properly exhaust all remedies available to him under section 3145.

Even if petitioner had exhausted his section 3145 remedies, the nature of his claim still precludes this court's review. Just as the court should abstain when a state pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges, federalism

4

principles dictate that the federal court decline review until the petitioner has exhausted the claims at his upcoming criminal trial. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973); Dickerson v. Louisiana, 816 F.2d 220, 225-26 (5th Cir.), cert. denied, 484 U.S. 956(1987). Considerations of federal court efficiency and administration dictate that a similar rule of restraint apply where a federal pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges. This is especially true where, as here, Mr. Clements could have attacked any defects in his indictment by way of a motion to the trial court presiding over his criminal trial, and if necessary, pursued his claim on direct appeal.

In this case, Mr. Clements seeks to dismiss his criminal indictment. Such a claim, if successful, would obviously dispose of the underlying federal criminal charges. See Atkins, 644 F.2d at 546-47. Thus, at this stage, his claim may be exhausted by raising it at the pending criminal trial and then on direct appeal.

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: June 15, 2007

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may bot be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5